**CIARDI CIARDI & ASTIN**
Walter W. Gouldsbury III, Esq. (NJ Bar No. 136402014)
1905 Spruce Street
Philadelphia, PA 19103
(215) 557-3550 telephone
(215) 557-3551 facsimile
wgouldsbury@ciardilaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

GOULDSBURGER'S FRANCHISE SYSTEMS, LLC, a New Jersey Limited Liability Company,

Plaintiff,

v.

GB SICKLERVILLE, LLC, a New Jersey Limited Liability Company; and MICHAEL JOSEPH MURRAY, an individual and New Jersey resident,

Defendants.

## COMPLAINT

This is an action for breach of contract, unjust enrichment, trademark infringement, trade dress infringement, and unfair competition arising from Defendants' (as hereinafter defined) failure to (i) comply with all laws and pay royalties as required under a franchise agreement; and (2) and repay amounts due and owing to Plaintiff from Defendants. Plaintiff recently terminated Defendants' right to operate a Gouldsburger's franchise located at 685 Berlin Cross-Keys Road, Sicklerville, New Jersey (the "Sicklerville Location") based on their conduct. Plaintiff seeks monetary, injunctive, and other relief against Defendants for the reasons set forth below.

## PARTIES

1. Plaintiff Gouldsburger's Franchise Systems, LLC ("Plaintiff" or "GFS") is a New

Jersey limited liability company with its principal place of business at 43 Kings Highway East, S2, Haddonfield, New Jersey 08033. GFS is engaged in the business of franchising independent businesspersons to operate Gouldsburger's quick service restaurants specializing in serving high-quality burgers, cheesesteaks, hot dogs, fried chicken sandwiches, and accompanying sides. There are currently eleven (11) Gouldsburger's locations operating or under construction for operation in New Jersey and Pennsylvania. Goulsburger's franchisees are licensed to use the trade names, service marks, and trademarks of Gouldsburger's and to operate under the Gouldsburger's system, which involves the production, merchandising, and sale of burgers, cheesesteaks, hot dogs, fried chicken sandwiches, and related products utilizing a specially designed layout with special equipment, equipment layouts, interior and exterior accessories, identification schemes, products, management programs, standards, specifications, proprietary marks and identification.

2. GFS is owned by Walter W. Gouldsbury III and David J, Murray.

3. Defendant GB Sicklerville, LLC ("GB Sicklerville") is a New Jersey limited liability company, and, upon information and belief, its principal place of business is in Sicklerville, New Jersey. Defendant Michael Joseph Murray was the owner of the Sicklerville Location pursuant to an oral franchise agreement effective October 9, 2025.

4. Defendant Michael Joseph Murray is a natural person and a citizen and resident of the State of New Jersey. Defendant Michael Joseph Murray is the sole member of GB Sicklerville. Michael Joseph Murray is the brother of David J. Murray.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to §§ 34(a) and 39 of the Lanham Act, 15 U.S.C. §§ 1116 (a) & 1121, and 28 U.S.C. §§ 1331, 1332(a), 1338, & 1367(a). The amount in controversy exceeds $75,000, exclusive of interest and costs.

6. This Court has *in personam* jurisdiction over Defendants because they conduct

business in this District, they are residents of this District, and/or the events giving rise to Plaintiff's claims occurred in this district.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## BACKGROUND FACTS

### The Gouldsburger's System

8. GFS is the franchisor of the Gouldsburger's franchise system.

9. GFS is the owner of the trademark, service mark, and trade name "Gouldsburger's" and related marks.

10. The Gouldsburger's trademarks and trade name are distinctive and have acquired secondary meaning and are utilized in interstate commerce.

11. Gouldsburger's marks have been very widely advertised and promoted by Gouldsburger's since Gouldsburger's first location opened in April 2023.

12. GFS and its franchisees currently operate nine (9) Gouldsburger's locations with three (3) more locations set to open prior to the end of 2026. The current open Gouldsburger's locations feature Gouldsburger's' distinctive trade dress, including the pinstripe grey and golden vista color scheme, and the distinct lettering style. Gouldsburger's locations are estimated to generate aggregate sales in excess of $7 million in 2026.

13. As a result of the extensive sales, advertising, and promotion of items identified by the Gouldsburger's marks, the public has come to know and recognize the Gouldsburger's marks, and to associate them exclusively with products and services offered by Gouldsburger's and its franchisees. The Gouldsburger's marks are assets of inestimable value to Gouldsburger's, representing and embodying considerable goodwill and favorable reputation.

### The Oral Franchise Contract

14. In early 2025, Michael Joseph Murray expressed to the owners of GFS an interest

in owning and operating a Gouldsburger's franchise location. At the time, Michael Joseph Murray was unemployed. Michael Joseph Murray represented that he had access to funding through third party family loans and/or investors.

15. On or about March 4, 2025, the owners of GFS met with Michael Joseph Murray and real estate brokers to look at available spaces in the shopping center in which the Sicklerville Location is located. A letter of intent was submitted to the Sicklerville Location's Landlord's broker later that day.

16. Over the next few weeks, GFS assisted Defendants with the negotiation of a lease for the Sicklerville Location and a lease was executed by Defendants and the landlord on April 15, 2025.

17. On March 19, 2025, the members of GFS met with Michael Joseph Murray at GFS' principal place of business located at 43 Kings Highway E, S2, Haddonfield, New Jersey.

18. Prior to the March 19, 2025 meeting, David J. Murray met with Michael Joseph Murray and another potential franchisee at Umile Trattoria in Haddonfield, New Jersey and provided each with a copy of the Franchise Disclosure Document.

19. At the March 19, 2025 meeting, Michael Joseph Murray was again provided with the Franchise Disclosure Document dated December 31, 2024, which he executed.

20. At the meeting on March 19, 2025, the owners of GFS also assisted Michael Joseph Murray with forming GB Sicklerville as a limited liability company with the New Jersey Department of Corporations and the parties also agreed to the terms of an oral franchise contract.

21. Specifically, Defendants and GFS agreed, *inter alia*, to the following:

- Defendants would obtain funding from third parties to open the Sicklerville Location.
- GFS would waive its $44,500 franchise fee regarding the Sicklerville Location.

- GFS would grant Defendants the license and right to operate a Gouldsburger's franchise effective upon opening of the Sicklerville Location.
- Defendants would pay seven percent (7%) in royalties on net sales, which would be due upon receipt of the royalty statement.[1]
- Defendants would operate the Gouldsburger's franchise in accordance with all applicable local, state, and federal laws.
- GFS and Defendants would enter into a written Franchise Agreement to memorialize the terms.

22. GFS also assisted Michael Joseph Murray with opening his business bank account for GB Sicklerville with TD Bank and providing legal services at no cost to resolve a pre-opening disagreement with the Sicklerville Location landlord.

23. GFS also provided the same services to GB Sicklerville that it does for any of its franchisees including, without limitation, handling *inter alia*, equipment selection, equipment layout, access to vendor sources and contacts providing specialized pricing for Gouldsburger's licensees, permit assistance, access to proprietary systems, and training employees for the Sicklerville Location opening.

**Funds Advanced by Plaintiff to Defendants**

24. Given Defendants' lack of capital to fund the renovation and opening of the Sicklerville Location, Michael Joseph Murray made representations to GFS that he had funding in place in the form of loans/investments from third party family and associates. GFS relied on these representations.

[1] This was modified by the parties when Defendants started using third party delivery apps for the Sicklerville Location in November/December 2025. Defendants and GFS agreed that Defendants would pay 3.5% of net sales on third party delivery application sales (i.e. Door Dash, Uber Eats, Grub Hub) and 7.0% on all online and in-store net sales.

25. In or around May 2025, GFS was advised by Michael Joseph Murray that the funding for the Sicklerville Location fell through and he needed funds.

26. Beginning in or around May 2025 through the October 9, 2025 opening of the Sicklerville Location, GFS loaned Defendants (and specifically Michael Joseph Murray) in excess of $100,000.00 through cash and check advances, equipment purchases, payment of staff salary due to delayed opening, and other payments made on his behalf. Upon information and belief, certain of the funds advanced were used by Michael Joseph Murray for personal expenses.

**Events Leading Up to Termination**

27. Defendants' net sales (exclusive of taxes, credit card processing charges, tips, discounts, etc.) totaled in excess of $900,000.00 for the first 12 months of operation (*i.e.* October 9, 2025 to October 8, 2026).

28. Defendants breached the franchise contract by ceasing to pay royalties to GFS beginning in April 2026 despite receiving royalty breakdowns and requests for payment. The total amount of royalties owed from Defendants to GFS exceeds $26,000.00 as of October 8, 2026.

29. For the period January 1, 2026 through September 30, 2026, Defendants collected in excess of $41,000.00 in New Jersey state sales tax from sales at the Sicklerville Location. Despite collecting the sales tax, Defendants have failed to timely file New Jersey quarterly tax returns for Q1 2026 and Q2 2026 (Q3 is due on October 21, 2026) and have failed to remit the sales tax collected to the New Jersey Department of Revenue as required by law. This is a breach of the franchise contract.

30. Upon information and belief, Defendants have intentionally diverted the sales tax funds and used them to pay Michael Joseph Murray's personal expenses.

31. On September 20, 2026, GFS circulated a draft written Franchise Agreement to Michael Joseph Murray via e-mail and provided a deadline of October 8, 2026 to provide

comment. A deadline of 11:59 p.m. on October 8, 2026 to have a fully executed agreement in place. He acknowledged receipt and stated several times he had an attorney reviewing and would provide comment. To date and despite numerous follow up, Michael Joseph Murray has not provided any comments to the draft of the Franchise Agreement and has refused to execute same. This is also a breach of the franchise contract.

32. Defendants also agreed in a writing signed by Michael Joseph Murray to terminate operations effective October 9, 2026. Defendants remain operating as of October 12, 2026.

33. Defendants have avoided paying sales taxes due and owing to the New Jersey Department of Revenue in violation of state tax laws and regulations.

34. Upon information and belief, GB Sicklerville has also not filed the required tax return with the Internal Revenue Service for the fiscal year ending 2025 by the deadline required by Federal law. This is a breach of the franchise contract.

35. Based on Defendants' knowing and willful breach(es) of the oral franchise agreement, GFS sent Defendants a Notice of Termination (the "Notice") on October 9, 2026.

36. The Notice terminated the Defendants' rights to operate the Sicklerville Location as a Gouldsburger's franchise effective sixty (60) days from Defendants' receipt of the Notice, stated the grounds for termination, and requested that Defendants immediately comply with their post-termination obligations. Defendants acknowledged receipt of the Notice on October 9, 2026,

**COUNT I**

**(Breach of Oral Franchise Contract)**

37. The allegations of paragraphs 1 through 36 are hereby incorporated by reference.

38. The conduct described herein constitutes breaches of the contractual obligations agreed to by GFS and Defendants for the operation of the Sicklerville Location.

39. These breaches constitute good cause for terminating the agreements.

40. As a result of Defendants' actions, GFS has suffered and is continuing to suffer

irreparable injury and has incurred and is continuing to incur monetary damage in an amount that has yet to be determined.

**COUNT II**
**(Breach of Oral Contract – Money Loaned)**

41. The allegations of paragraphs 1 through 40 are hereby incorporated by reference.

42. Defendants agreed to pay back the funds advanced by GFS and have failed to do so in breach of the oral agreement.

**COUNT III**
**(Unjust Enrichment)**

43. The allegations of paragraphs 1 through 42 are hereby incorporated by reference.

44. Based on the monies loaned and advanced on behalf of Defendants by GFS, Defendants received a benefit from GFS at GFS' expenses.

45. Under the circumstances, it would be unjust or inequitable for the Defendants to retain that benefit without paying for it.

**COUNT IV**
**(Trademark Infringement)**

46. The allegations of paragraphs 1 through 45 are hereby incorporated by reference.

47. The use in commerce of the Gouldsburger's trademarks and trade names by Defendants outside the scope of the license provided and without Gouldsburger's consent is likely to confuse or deceive the public into believing, contrary to fact, that the unauthorized activities of Defendants are licensed, franchised, sponsored, authorized, or otherwise approved by Gouldsburger's. Such unauthorized use of Gouldsburger's trademarks and trade names infringes exclusive rights in its trademarks under § 32 of the Lanham Act, 15 U.S.C. § 1114, and applicable state law.

48. The acts of Defendants were and are being done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

49. As a result of the actions of Defendants, Gouldsburger's has suffered and is continuing to suffer irreparable injury, and has incurred and is continuing to incur monetary damage in an amount that has yet to be determined.

**COUNT V**
**(Unfair Competition)**

50. The allegations of paragraphs 1 through 53 are hereby incorporated by reference.

51. The use in commerce of Gouldsburger's trademarks and trade names by Defendants are outside the scope of the oral franchise contract and the license granted thereunder and without the consent of GFS is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of their goods, services, or commercial activities by another person. Such unauthorized use of Gouldsburger's trademarks and trade names violates § 43 of the Lanham Act, 15 U.S.C. § 1125(a), and applicable state law.

52. The acts of Defendants were and are being done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

53. As a result of the actions of Defendants, GFS has suffered and is continuing to suffer irreparable injury and has incurred and is continuing to incur monetary damage in an amount that has yet to be determined.

**COUNT VI**
**(Trade Dress Infringement)**

54. The allegations of paragraphs 1 through 53 are hereby incorporated by reference.

55. The Defendants' shops are identified by signs, exterior appearance, packaging, containers, and other items on which the words "Gouldsburger's" appear in the same lettering style and in the same distinctive color scheme as GFS uses for the burger and cheesesteak shops operated by GFS' licensees.

56. The use by Defendants of trade dress that is identical to the Gouldsburger's trade dress outside the scope of the oral franchise contract and the license granted thereunder and

constitutes a false designation of the origin of Defendants' shop, which is likely to cause confusion, or to cause mistake, or to deceive the public as to the affiliation, connection, or association of their shops with the Gouldsburger's shops operated by GFS' licensees. Such adoption of the Gouldsburger's trade dress violates § 43 of the Lanham Act, 15 U.S.C. § 1125, and the common law.

57. The acts of Defendants were and are being done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

58. As a result of the actions of Defendants, GFS has suffered and is continuing to suffer irreparable injury, and have incurred and are continuing to incur monetary damage in an amount that has yet to be determined.

**Prayer for Relief**

WHEREFORE, GFS prays that this Court:

a. Enter a declaratory judgment order stating that the conduct of Defendants violates the terms of the oral franchise contract and constitutes grounds for terminating the franchise contract;

b. Enter a judgment in favor of GFS for the damages incurred by it as a result of the breaches of the oral franchise contract by Defendants;

c. Enter a judgment in favor of GFS for the damages incurred by it as a result of the breaches of the oral contract for the money loaned by GFS to the Defendants;

d. Enter an injunctive order ratifying and enforcing the termination of the franchise contract and any license to operate as of the effective date of the Notice of Termination, or as otherwise provided by applicable law;

e. Enjoin Defendants and all those acting in concert with them from infringing upon Gouldsburger's trademarks, trade dress, and trade names and from otherwise engaging in unfair

competition with GFSc;

f. Enter an injunctive order directing Defendants to comply with their post-termination obligations under any contract with Gouldsburger's, including but not limited to the oral franchise contract;

g. Award GFS judgment against Defendants for the damages they have sustained and the profits Defendants have derived as a result of their actions, and that such damages be assessed in a separate accounting procedure and trebled in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117; and

h. Award GFS prejudgment interest in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117;

i. Award GFS such exemplary or punitive damages as are deemed appropriate because of the willful, intentional, and malicious nature of the conduct of Defendants;

j. Award GFS its costs and attorneys' fees incurred in connection with this action pursuant to contract and § 35 of the Lanham Act, 15 U.S.C. § 1117;

k. For a declaration and finding that Defendant *Michael Joseph Murray* is the alter ego of Defendant GB Sicklerville, LLC and that a unity of interest and ownership exists between them, and that adhering to the corporate fiction would sanction a fraud or promote injustice;

l. For an order piercing the corporate veil of Defendant GB Sicklerville, LLC to hold Defendant *Michael Joseph Murray* personally liable for all obligations, debts, and liabilities arising from this action;

m. For compensatory damages against all Defendants, jointly and severally, in an amount to be proven at trial, but no less than $150,000.00;

n. An order directing Defendants to disgorge all profits, benefits, and monies

unjustly retained at the expense of Plaintiff;

o. Compensatory and restitutionary damages in an amount to be determined at trial, but not less than $150,000.00;

p. The imposition of a constructive trust or equitable lien on any funds held or property purchased by Defendants with the monies advanced by Plaintiff to prevent further unjust enrichment;

q. For pre-judgment and post-judgment interest as allowed by law;

r. For reasonable attorneys' fees and costs of suit incurred herein; and

s. Award GFS such other relief as this Court may deem just and proper.

Dated: October 12, 2026
Wilmington, Delaware

**CIARDI CIARDI & ASTIN**

*/s/ Walter W. Gouldsbury III*
Walter W. Gouldsbury III, Esq. (No. 031402014)
1905 Spruce Street
Philadelphia, PA 19103
(215) 557-3550 telephone
(215) 557-3551 facsimile
wgouldsbury@ciardilaw.com
*Attorneys for Plaintiff*